UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEV N. SITKOVESTSKIY, | : | |
| | : | |
| Plaintiff, | : | CIVIL CASE NUMBER: |
| | : | |
| v. | : | 3:15-cv-1073 (VLB) |
| | : | |
| RACHEL T. YOUNG | : | February 1, 2016 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF DECISION

Plaintiff Lev Sitkovestskiy, pro se, brought a state court complaint alleging that Defendant Rachel Young, a patent examiner for the United States Patent and Trademark Office ("USPTO"), improperly denied his patent application. Defendant removed here relying on the removal statute governing actions against federal officers. Defendant now moves to dismiss for lack of subject-matter jurisdiction. The first issue is whether Plaintiff has shown that his claims fall within an exception to sovereign immunity. He has not. The second issue is whether he could allege facts showing such an exception. He cannot. The Court therefore GRANTS the motion to dismiss and DISMISSES the complaint.

### Factual and Procedural Background

Plaintiff's complaint alleges that he filed an application to patent "a novelty device with approved possibilities of diagnosis, prevention and treatment [of] diseases." *Id.* at 2 (.pdf pagination). ECF No. 1-2. It further alleges that the Defendant, a patent examiner, denied his claim, but the denial was improper for the five following reasons: (1) "[f]alsifications of the Title and Claims from the

refereed document"; (2) "[f]alsification of sentences from the refereed documents"; (3) [f]alsification of the technique data of refereed documents"; (4) "[f]alsification of normal logical meaning"; and (5) "[f]alsification by ignoring Patent Law Court Decisions, and data of the opposed documents." *Id.* at 2–3. As best the Court can decipher, all of these purported errors relate to Plaintiff's disagreement with Defendant's discretionary application of patent law, in particular Defendant's rulings that the proposed claims were obvious. *See generally id.* Plaintiff seeks monetary damages and perhaps prosecution under 18 U.S.C. § 1001. *Id.* at 2, 21.

In July 2015, Defendant removed the action pursuant to 28 U.S.C. § 1442, the statute governing the removal of actions filed against federal officers. ECF No. 1. Defendant moves to dismiss for lack of subject-matter jurisdiction on two bases. ECF No. 10-1. First, judicial review of the denial of a patent application cannot be sought unless first appealed to the Patent Trial and Appeal Board and then only in the United States Court of Appeals for the Federal Circuit or the Eastern District of Virginia. *Id.* at 4–6. Second, evening assuming that the complaint raises a claim pursuant to the Federal Tort Claims Act ("FTCA"), Plaintiff did not first lodge a complaint with the USPTO. *Id.* at 6–9. In support, Defendant attaches, *inter alia,* the November 2013 patent denial, a letter indicating that no valid appeal was filed, and a declaration attesting to the fact that no FTCA complaint had been filed with the USPTO. ECF Nos. 10-2; 10-9; 10-12. Plaintiff's opposition reiterates his complaint's allegations. ECF Nos. 16; 16-1; 16-2.

2

## **LEGAL DISCUSSION**

Issues concerning a federal employee's sovereign immunity are properly addressed in a motion to dismiss for lack of subject-matter jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). The plaintiff bears the burden of establishing that his claims fall within an exception to sovereign immunity. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). When ruling on a Rule 12(b)(1) motion, a court may consider evidence outside the pleadings. *Dukes v. New York City Employees' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (citing *Makarova,* 201 F.3d at 113). The Court may weigh that evidence as long as the jurisdictional facts do not overlap with factual questions going to the merits. *Alliance for Envtl. Renewal, Inc.*, 436 F.3d at 88 & n.6.

"It is an axiom of our jurisprudence. The government is not liable to suit unless it consents thereto, and its liability in suit cannot be extended beyond the plain language of the statute authorizing it." *Price v. United States*, 174 U.S. 373, 375–76 (1899). This principle applies to damages as well as equitable relief. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688–89 (1949) (holding that a suit for injunctive relief against a federal officer, acting in his official capacity and within his statutory and constitutional authority, was barred by sovereign immunity). It also extends to federal officers acting in their official capacities. *See Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). Courts apply the following two-prong test to determine if a federal officer was acting in her

official capacity: "first, whether there is a reasonable connection between the act and the agent's duties and responsibilities and, second, whether the act is not manifestly or palpably beyond the agent's authority." *Yalkut v. Gemignani*, 873 F.2d 31, 34 (2d Cir. 1989) (internal quotation marks and alterations omitted).

A patent examiner is a federal officer. Defendant brings official-capacity claims because the allegations pertain solely to Defendant's role in examining Plaintiff's patent application. As a federal officer sued for official-capacity acts, sovereign immunity shields her from suit unless Plaintiff can demonstrate that his claims fall within an exception to sovereign immunity. None of Plaintiff's numerous filings identify an exception. Plaintiff cites 18 U.S.C. § 1001, but private litigants may not bring suit pursuant to criminal statutes. *See Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002) ("We affirm the district court's dismissal of Luckett's claims of sabotage, forgery, and perjury, which are crimes and therefore do not give rise to civil causes of action.").

The Court, however, affords "special solicitude" towards pro se litigants and must interpret the complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted). "A pro se complaint should not be dismissed without the [c]ourt's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks and alterations omitted).

4

The sum-and-substance of the complaint is Plaintiff's disagreement over the denial of his patent application. Congress has waived sovereign immunity with respect to judicial actions brought against the USPTO and the USPTO Director, not a patent examiner. *See Fleming v. Coward*, 534 F. App'x 947, 950 (Fed. Cir. 2013) (observing that only three exceptions to sovereign immunity exist with respect to the appeal of patent decisions and that those exceptions apply only to the USPTO and its Director). Thus, even liberally construed, Plaintiff's filings do not indicate a basis to sue Defendant. *See* 14 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3655 (4th ed.) ("[T]he United States does not become a party to a suit merely because the Attorney General or the United States Attorney is representing a federal employee who has been sued individually.").

It would also be futile to permit Plaintiff to amend his complaint to name either the USPTO or the USPTO Director. "[T]he prerequisite to requesting judicial review under all three statutory provisions is the exhaustion of remedies before the PTO by procuring a 'decision from the Board' or 'final agency action.'" *Fleming*, 534 F. App'x at 950 (Fed. Cir. 2013). Plaintiff has not obtained a decision from the Board or a final agency action. ECF No. 10-9 (Letter) at 2 ("[A] Notice of Appeal with accompanying fee has not been submitted and the Appeal Brief fee has not been submitted.") Amendment, therefore, would only result in dismissal for failure to exhaust his administrative remedies.

**Defendant also argues that Plaintiff's claims plausibly implicate the FTCA because the allegations liberally construed could suggest a cause of action under common law.  ECF No. 10-1 (Mem.) at 6–9.  Defendant nonetheless argues that this Court would lack jurisdiction over those claims because Plaintiff failed to exhaust his administrative remedies.  *Id.*  Defendant is correct that the Court would lack jurisdiction over any FTCA claim, but for a slightly different reason.  As with an action challenging the denial of a patent, a FTCA claim cannot be brought against a patent examiner.  *See Barnhill v. Terrell*, 616 F. App'x 23, 25 (2d Cir. 2015) (ruling, in the context of FTCA claims, that "sovereign immunity bars any common law claims against the individual defendants in their official capacities").  It would also be futile to permit Plaintiff to amend his complaint to name the United States.  The FTCA requires a claimant to "have first presented the claim to the appropriate Federal agency" within two years.  28 U.S.C. §§ 2401, 2675.  Plaintiff has not made any such claim in the two years following the denial of his patent application in November 2013 or alleged any facts suggesting that equitable tolling would apply.  ECF No. 10-12 (Damelin Decl.) at ¶ 5.  Amendment, therefore, would only result in dismissal for failure to exhaust.**

**The Court also notes one other potential basis for liability: *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Svatovic v. U.S. Patent & Trademark Office*, 617 F. App'x 100, 101 (2d Cir. 2015) ("[A]n assertion of intentional denials of a patent or delays in the PTO review process based on a party's *pro se* status might therefore give rise to a**

*Bivens* action for a violation of due process."). The complaint's allegations, however, do not remotely suggest the denial of a constitutional right. Plaintiff does not allege any facts tending to show that his application was denied intentionally, that the denial was based on some immutable characteristic, that he suffered any unusual delay, or that he was not afforded the opportunity to be heard. The complaint contains conclusory language such as "falsification," but those allegations are devoid of factual detail. The factual allegations demonstrate only his disagreement with Defendant's neutral review of his application. Plaintiff may disagree with Defendant's rulings—he may even be right—but the Constitution does not prohibit patent errors.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss for lack of subject-matter jurisdiction, and the case is DISMISSED.

IT IS SO ORDERED.

                                                 /s/
                                        Vanessa L. Bryant
                                        United States District Judge

Dated at Hartford, Connecticut, February 1, 2016.